UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTOINE S. REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00112-JPH-MJD |
| | ) |
| T.J. WATSON, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Federal Bureau of Prisons inmate Antoine S. Reed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in a disciplinary proceeding and the corresponding sanction imposed. For the reasons explained in this Entry, Mr. Reed's petition is **denied**.

**A.     Facts and Background**

On May 20, 2018, Mr. Reed was charged with violating Code 201 (fighting with another inmate) and Code 104 (possession of a weapon).[1] Dkt. 6-1 at 39 (Second Amended Incident Report No. 3126357). The Second Amended Incident Report stated:

> On 05/19/2018 at approximately 9:36 pm I responded to cell 205 due to the duress alarm being activated. After opening the cell door I saw inmate Reed reg #36618-044 pushing and then pinning down inmate Trice reg #26558-009 on the desk in the cell with his head being held on the wall. Inmate Reed reg #36618-044 was also holding what was later identified as an inmate belt tied to a lock in his right hand. Staff and I ordered inmates Reed and Trice to separate to which they complied. This is a rewrite.

*Id.*

---

[1] The Second Amended Incident Report followed two previous Incident Reports, the first Incident Report only charging Mr. Reed with Code 201 (fighting) and the First Amended Incident Report adding the Code 104 and additional details of the incident.

1

A staff member delivered a copy of the Second Amended Incident Report to Mr. Reed that night and advised him of his rights. *Id.* at 24. Mr. Reed declined to give a statement, and the investigator referred the matter to the Unit Disciplinary Committee (UDC). *Id.* at 24, 43-44. Mr. Reed later provided a written statement to the UDC, and the UDC then referred the matter to a Disciplinary Hearing Officer (DHO) for further proceedings. *Id.* at 24, 39.

On May 21, 2018, Mr. Reed was advised of his rights in the DHO hearing, and he acknowledged that he understood them. *Id.* at 35. Mr. Reed did not request any witnesses, but he did request Unit Manager M. Bacon to serve as his staff representative. *Id.* at 36.

DHO Diaz conducted Mr. Reed's hearing on June 8, 2018. *Id.* at 24-26. Mr. Reed appeared at the hearing with Unit Manager Bacon, his staff representative. *Id.* at 24. DHO Diaz read Mr. Reed his rights and Reed confirmed that he was ready to proceed with the hearing. *Id.* at 25. Mr. Reed submitted his written statement as evidence and made a verbal statement: "I did not have a weapon." *Id.* at 25, 41-42.

After considering the Second Amended Incident Report, Mr. Reed's statements, the photographic evidence of the padlock on a belt, staff memoranda, medical assessments, the investigation, and the proceedings before the UDC, DHO Diaz concluded that Mr. Reed had violated Code 104 – Possession of a Weapon. *Id.* at 25. The DHO found that "the incident report and supporting documents show inmate Reed was in possession of a weapon." *Id.* at 25. The DHO further concluded that Mr. Reed had not violated Code 201 – Fighting, because the "injuries sustained do not support a mutual fight." *Id.* Instead, she concluded Mr. Reed had violated Code 224 – Assault. *Id.* This conclusion was based on medical record evidence showing that Mr. Reed had minor injuries, while Mr. Trice had been "struck with a lock 3-4 times in the head"; had a "left arm superficial laceration; forehead near scalp, 3 cm laceration, small amount of bleeding; left side

of head abrasion, 2-3 dreads ripped out;" and a superficial laceration on his left eyebrow. Dkt. 6-1 at 64-66.

On July 5, 2018, for the violation of Code 104, Possession of a Weapon, DHO Diaz sanctioned Mr. Reed with 41 days of lost Good Conduct Time (GCT) and 15 days of disciplinary segregation. *Id.* at 26. For the violation of Code 224, Assault, the sanction was loss of 90 days of phone privileges (suspended pending 90 days of good conduct) and 180 days of commissary privileges. *Id.* A staff member delivered a copy of the DHO report to Mr. Reed on July 6, 2018. *Id.*

On July 12, 2018, DHO Diaz amended her report to reflect that Mr. Reed had requested Senior Officer E. Halliburton as a witness and that Officer Halliburton had provided a statement saying that when inmate Trice was in medical, the officer overheard Trice tell a medical staff member that "he had the weapon and inmate Reed #36618-004 [sic] took it from him." *Id.* at 27-29. After considering all the evidence, however, the DHO reached the same conclusion as before and imposed the same sanctions. *Id.* A staff member delivered the Amended DHO report to Mr. Reed on July 16, 2018. *Id.* at 29.

Mr. Reed appealed the DHO's amended decision to the Regional Office. *Id.* at 69. The Regional Director instructed DHO Diaz "'to reconsider and augment" her findings. *Id.* at 74. Specifically, he "found conflicting evidence which must be addressed before the DHO decision can stand." *Id.* at 75. "Specifically, the record is silent as to the weight given to all of the evidence relied on by the DHO." *Id.*

DHO Diaz completed her Second Amended Report on May 11, 2019. *Id.* at 33. In it, she explained that her decision was based on the reporting officer's statement in the Second Amended Incident Report, as well as the investigation and UDC proceedings in which Mr. Reed "declined

to make a statement of defense," although he did submit a written statement to the UDC. *Id.* at 32. DHO Diaz also stated that she considered Mr. Reed's written statement and his statement at the DHO hearing when asked if he admitted or denied the charges: "I did not have a weapon." *Id.* She further noted that although she considered Officer Halliburton's statement, the Second Amended Incident Report stated that when the responding "officers entered the cell, the weapon was in the possession of Mr. Reed." *Id.* Finally, DHO Diaz observed that the "injuries sustained do not support a mutual fight" but rather "an assault" by Mr. Reed on the other inmate, and that the photographs and documentary evidence supported that conclusion. *Id.* Accordingly, she reached the same conclusion and imposed the same sanctions as before. *Id.* A staff member provided a copy of the Second Amended DHO Report to Mr. Reed on May 16, 2019. *Id.* at 33.

Mr. Reed again appealed the DHO's decision. *Id.* at 78. This time, the Regional Director denied his appeal. *Id.* at 80. Mr. Reed's appeal to the Central Office was also denied. *Id.* at 82.

### B.   Legal Standards

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

### C. Analysis

Mr. Reed alleges that his due process rights were violated during the disciplinary proceedings. Dkt. 1. Specifically, he argues that: 1) his staff representative was biased; 2) sanctions were imposed without some evidence that he assaulted the other inmate; 3) he acted in self-defense; 4) the DHO gave only "superficial" consideration to Officer Halliburton's statement and downplayed evidence favorable to him; 5) he was not given advance written notice of the charge of Assault; 6) the reports stating that he had hit the other inmate with a lock were hearsay because there were no witnesses inside the cell; and 7) the DHO failed to take into account that he had an injury as well. *Id.* at 6-10.

Mr. Reed's claim that his staff representative was biased against him fails because a petitioner "lacks a right to a lay advocate unless he is illiterate or the subject matter is complex." *Martin v. Zatecky*, 749 F. App'x 463, 466 (7th Cir. 2019) (citing *Wolff*, 418 U.S. at 570). There is no indication that Mr. Reed is illiterate or that he did not understand the proceedings.

Mr. Reed's challenges to the sufficiency of the evidence fail because "a prison may discipline an inmate by reducing good-time credit unless the record is 'devoid of evidence.'" *Crawford v. Littlejohn*, 963 F.3d 681, 682 (7th Cir. 2020) (quoting *Hill,* 472 U.S. at 457)). The Supreme Court has "defined the constitutional minimum procedures for prison discipline" and "did not put 'no uncorroborated hearsay' on the list." *Id.* at 683 (citing *Wolff,* 418 U.S. 539). "[H]earsay is 'some evidence.'" *Id.* Courts "have been told not to add procedures to *Wolff's* list." *Id.*

In addition, self-defense does not apply in disciplinary actions. *See Jones*, 637 F.3d at 848 ("inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings"). And, the DHO did consider the relative severity of the two inmates' injuries in determining that Assault was the more appropriate charge. Finally, it is not the

Court's role to reweigh the evidence, which is what Mr. Reed is requesting. *See Ellison*, 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

Mr. Reed's final claim is that he did not receive proper advance notice when the DHO changed the charge from "Fighting" to "Assault." A prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Northern,* 326 F.3d at 910.

Here, Mr. Reed was informed of the facts he needed to defend against the Assault charge. The Second Amended Incident Report described Mr. Reed "pushing and then pinning down inmate Trice . . . on the desk in the cell with his head being held on the wall." Dkt. 6-1 at 39. The Second Amended Incident Report also stated that Mr. Reed was "holding what was later identified as an inmate belt tied to a lock in his right hand." *Id.* Even though the original report reflected that Mr. Reed was charged with Fighting, the factual basis of the Second Amended Incident Report was sufficient to put Mr. Reed on notice of the Assault charge, so this claim fails.

Moreover, although the parties do not address this issue, Mr. Reed did not lose any GCT as a result of the Assault conviction. Dkt. 6-1 at 26. "A state prisoner may obtain habeas corpus relief 'only on the ground that he is in custody in violation of the Constitution or laws or treaties

of the United States.'" *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) (quoting 28 U.S.C. § 2254(a)). "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief…." *Id.* at 1351. The loss of privileges does not alter the fact or length of his custody. Therefore, Mr. Reed's claims relating to the sanctions imposed for the Assault charge fail on this basis as well.

In sum, Mr. Reed was given adequate advance notice, an opportunity to defend the charges with evidence and witnesses before an impartial decision-maker, and a written statement of the reasons for the findings of guilt and the evidence considered.

### D. Conclusion

For the reasons discussed above, Mr. Reed's petition for a writ of habeas corpus relating to Federal Bureau of Prisons Incident Report No. 3126357 is **denied** and the action **dismissed with prejudice.** Final judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTOINE S. REED
36618-044
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov